NOT DESIGNATED FOR PUBLICATION

No. 112,902

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

JANISE ANN ECK,
*Appellant*,

v.

MICHAEL ECK,
*Appellee*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; ERIC A. COMMER, judge. Opinion filed January 29, 2016.
Affirmed.

*Michael P. Whalen*, of Law Office of Michael P. Whalen, of Wichita, for appellant.

*Elaine Reddick*, of Reddick Law Office, of Wichita, for appellee.

Before ATCHESON, P.J., GARDNER, J., and BURGESS, S.J.

*Per Curiam*: Janise and Michael Eck were married in 1999, had three children together, then divorced in 2006. In 2013, Janise asked the couple's court assigned case manager to issue a recommendation reevaluating the custody arrangement with the hope that she would be awarded primary residential custody. The case manager's recommendation was to leave the custody arrangement as it was. Janise objected to the recommendation. The court overruled Janise's objection without holding an evidentiary hearing. Janise now appeals, arguing that her due process rights were violated by the court's failure to hold a hearing.

1

FACTUAL AND PROCEDURAL BACKGROUND

Janise and Michael were married in 1999. The couple had three children together, one daughter born in 2000 and twin daughters born in 2001. In April 2004, Janise filed for divorce. The divorce was finalized in 2006. At that time Janise was awarded primary residential custody and Michael was granted parenting time.

The custody order remained in place until February 2010, at which time joint residential custody was ordered. In addition to modifying residential custody, the February 2010 order required the parties to engage in case management as a first step toward resolving future disputes.

The parties continued to share joint residential custody until September 2011. At that time, the case manager recommended and the district court ordered that Michael have primary residential custody with parenting time to Janise. Janise did not object to the modification.

In September 2013, Janise approached the case manager and requested she make a recommendation to modify the custody arrangement. At Janise's request, the case manager issued a new recommendation in November 2013. Contrary to Janise's desire, the recommendation was simply to keep the current parenting schedule in place. Janise filed a written objection with the district court.

After Janise filed her objection, the district court initially set the matter for an evidentiary hearing. The case then came before a different judge, the Honorable Eric A. Commer, for a prehearing conference. At the prehearing conference, Judge Commer concluded that an evidentiary hearing on the objection was unnecessary because the case manager's recommendation did not change the parenting arrangement.

Janise filed a motion asking the district court to reconsider its ruling. A hearing was held on the motion in September 2014. At the hearing, the court reaffirmed its belief that a hearing on Janise's objection was unnecessary and denied the motion to reconsider.

Janise filed a timely appeal to this court.

ANALYSIS

In this particular case, the district court placed significant emphasis on the fact that a child custody ruling had been made in 2011 and that Janise did not object to the ruling. In the present case, the case manager denied Janise's request for a change in custody and recommended that child custody remain the same as ordered in 2011. The district court found that Janise could not currently object in 2013 to the decision that was rendered in 2011. Although the district court did not use the term, it apparently based its decision on some form of res judicata.

However, in the pleadings filed 2013, Janise makes claims that she believed merited a change in custody. The claims made were fairly generic, broad, and conclusory. The case manager investigated those claims and found them to be without merit. Janise filed an objection to the case manager's recommendations with the court which was perfunctory and stated no basis justifying a request for a hearing. There were no specific factual allegations made or any showing of disputed material facts at the oral argument which would justify an evidentiary hearing. Although the district court indicated that the case was resolved on the basis of its ruling regarding the 2011 order, it did go on to review the current recommendations of the case manager in order to comply with the case management statutes. The court had already found that there had "be[en] no change." It accepted the recommendations of the case manager and ruled that no further hearing was necessary. We agree.

3

Janise argues that her due process rights were violated due to the court not ordering an evidentiary hearing. Her argument fails. The type of due process required in any given case varies depending on the interests involved. In some cases, due process will require a full evidentiary hearing and in other cases far less is necessary. See *Matthews v. Eldridge*, 424 U.S. 319, 96 S. Ct. 898, 47 L. Ed. 2d 18 (1976). A weighing of the *Matthews* factors leads to the conclusion that Janise's due process rights were sufficiently protected by the procedures utilized here. Janice did not proffer to Judge Commer any specific factual disputes regarding circumstances after the 2011 change in custody that would necessitate an evidentiary hearing. The district court did not err when it overruled Janise's objection without first holding an evidentiary hearing.

Affirmed.